CARROLLTON BANK et als. v. DANIEL CLEVELAND et al.

The declarations of the vendor made after the sale, though out of the presence of the vendee, acknowledging that the sale was simulated, are admissible against the vendee to prove fraud in the vendor ; but such evidence alone is insufficient to establish fraud in the vendee

The appreciation of the circumstances showing complicity on the part of the vendee, in the fraud practiced by his vendor, is a matter peculiarly within the province of the jury, and where the record of conviction of fraud and simulation in a contract of sale discloses the fact that the property remained in the possession of the vendor after the sale, the Supreme Court will not disturb the verdict of the jury.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *Fuqua & Kilbourne* and *S. E. Hunter*, for plaintiffs. *J. B. Smith* and *C. Roselius*, for defendants and appellants.

BUCHANAN, J. This is a suit by judgment creditors of defendant, *Cleveland*, to set aside a sale of slaves made by him to the other defendant, *Lee*, as simulated and intended to cover the vendor's property from the pursuit of his creditors.

The cause was tried by a jury, who found a verdict for plaintiffs, setting aside the sale as simulated, and subjecting the property to the satisfaction of the judgments against *Daniel Cleveland*.

Defendant, *Lee*, appeals.

The appellant relies upon bills of exceptions to the admission of the testimony of two witnesses, of the declarations of *Cleveland* after the sale, in conversation, treating the property as still belonging to himself.

This testimony was properly admitted. In the case of *Groves* v. *Steele*, 2d An. 480, (a case similar to the present,) it was held, that the declarations of the vendor, after the sale, out of the presence of the vendee, acknowledging the simulation, were admissible against the vendee, to prove fraud in the vendor. "The defendant, says the court, might have asked the court to charge the jury as to the limited effect of this evidence, and its insufficiency in itself to prove fraud in the vendee." See also *Davis* v. *Stern*, ante p. 177.

It must be observed that these declarations were not the only evidence before the jury. Other facts were shown, which seem to bring the case within Articles 1915 and 2456 of the Code. The appreciation of the circumstances, as showing complicity of the appellant, in the fraud practiced by his vendor, was a matter peculiarly within the province of the jury ; and there is no instance of this court setting aside the verdict of a jury as contrary to evidence, where the record of conviction of fraud and simulation in a contract of sale discloses the fact that the property sold remained in the possession of the vendor after the sale.

Judgment affirmed, with costs.

MERRICK, C. J., having been of counsel for the Union Bank, now represented by one of the plaintiffs, declined to sit in this case.